UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

**09-20494**

LAWRENCE L. ANDERSON, M.D., P.A.
and LAWRENCE L. ANDERSON

    Plaintiff,

v.

**CIV - HUCK**

GEORGE HUFF, M & A COUNSELORS &
ADVISORS, WILLIAM HOILMAN, KIERAN
FALLON, ROCCY DEFRANCESCO, JR.
and FINANCIAL MANAGEMENT
GROUP, L.L.C.,

**MAGISTRATE JUDGE
O'SULLIVAN**

    Defendants.
_____/

FILED by _____ D.C.
FEB 26 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff, Lawrence L. Anderson and on behalf of Lawrence L. Anderson, M.D., P.A. (collectively "Anderson") sues Defendants, George Huff and M & A Counselors & Advisors (collectively "Huff"), William Hoilman ("Hoilman"), Kieran Fallon ("Fallon"), Roccy DeFrancesco, Jr. ("DeFrancesco") and Financial Management Group, L.L.C. ("FMG"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... ."

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred," because "a substantial part of the events or omissions giving rise to this claim occurred" in this District.

## IDENTIFICATION OF PARTIES

4. Plaintiff, Anderson, is a resident of Tyler, Texas, he is over the age of majority and otherwise sui juris. Lawrence L. Anderson, M.D., P.A. is a Texas Company Professional Association, for the medical practice of Anderson.

5. Defendant, Huff, is a resident of Brevard County, Florida; he is over the age of majority and otherwise sui juris.

6. Defendant, Hoilman, is a resident of Massachusetts; he is over the age of majority and otherwise sui juris. M&A Counselors & Advisors is the law firm name upon which Hoilman conducts his business.

7. Defendant, Fallon, is a resident of Miami-Dade County, Florida, he is over the age of majority and otherwise sui juris.

8. Defendant, DeFrancesco, is a resident of Saint Joseph, Michigan, he is over the age of majority and otherwise sui juris.

9. Defendant, FMG, is a Florida limited liability company with its principal place of business in St. Pete Beach, Florida.

## COMMON ALLEGATIONS

10. On or about the beginning of 2001 Defendants DeFrancesco and Huff, who are both in the business of financial management, met with Plaintiff to introduce to Plaintiff an insurance program, which DeFrancesco and Huff described as a "tax deferral strategy."

11. DeFrancesco and Huff induced Plaintiff both by making oral and writing statement to invest $303,600.00 into an insurance policy scheme called "Refund Plus." They represented to Plaintiff that it was a safe and a guaranteed investment, that would enable Anderson to deduct the investment in the year made and defer taxes on the earnings of the investment.

12. Plaintiff invested this amount into a company called Employers International Inc. ("Employers"), an investment company owned and controlled by Huff.

13. The oral and written representations of DeFrancesco and Huff were false, in that "Refund Plus" was not an investment, but rather a life insurance policy, and there was no guaranteed return. Rather, there was only the possibility of a refund, if Anderson paid premiums for five consecutive years; and there was no guarantee that the insurance company would accept the annual applications.

14. Defendants DeFrancesco and Huff, made these misrepresentations either intentionally or negligently in order to induce Plaintiff to invest in "Refund Plus."

15. Plaintiff acted reasonably by relying upon the representations of DeFrancesco and Huff.

16. Plaintiff, relying upon these false representations, invested in the "Refund Plus" program, and as a result lost all the $303,600.00 that he invested because it was not a guaranteed investment, as represented by DeFrancesco and Huff.

17. After Plaintiff's investment was lost, Huff recommended that Plaintiff seek legal advice from Hoilman and Fallon, whom Huff represented, were experienced civil litigators.

18. Hoilman and Fallon, rather that advising Plaintiff to pursue claims against Employers, and it's principals Huff and DeFrancesco, (which was the corporation with direct privity to Plaintiff and which sold the "Refund Plus" policy to him), induced Plaintiff to sue an

offshore entity, Boston Life Annuity Co., Ltd ("Boston") and it's principal Rick May and it's outside lawyer Denis Kleinfeld. These law suits were filed in the British Virgin Islands and in Miami, Florida.

19. Plaintiff spent in excess of $57,129.53 in legal fees and more than three years of time in litigating against Boston, Rick May ("May") and Denis Kleinfeld ("Kleinfeld").

20. Hoilman and Fallon induced Plaintiff to file suit in Miami, which had no basis in fact or law alleging that it was Kleinfeld and May who made the false representations to Plaintiff, rather than DeFrancesco and Huff. (The "Miami Case").

21. Plaintiff's suit in the Miami case against Kleinfeld and May was dismissed, and Kleinfeld and May filed a counterclaim against Plaintiff for abuse of process and malicious prosecution, in part due to the false allegations that Hoilman and Fallon made in the Miami Case.

22. As a result of the false allegations filed by Hoilman and Fallon, on behalf of Plaintiff, Plaintiff paid to Kleinfeld and May the sum of $30,000.00 in settlement of their claims for the abuse of process and malicious prosecution.

23. Plaintiff has not recovered one penny as a result of the suit that Hoilman and Fallon convinced Plaintiff to file in the British Virgin Islands.

24. Hoilman and Fallon never advised Plaintiff of their conflict of interest which prevented Hoilman and Fallon from filing a lawsuit against Huff and his company, Employers.

25. Eventually, Employers filed for bankruptcy, Hoilman and Fallon negligently failed to file suit against Employers to recover Plaintiff's losses from Employer's errors and omissions insurance policy.

26. All conditions precedent to the maintenance of this action have occurred, been performed or been waived.

COUNT I - FRAUDULENT INDUCEMENT<br>AGAINST DEFRANCESCO, FMG, AND HUFF

27. Plaintiff readopts and realleges paragraphs 1-___ as if set forth in full herein and further states.

28. Huff and DeFrancesco, individually and as a President of FMG, made oral and written representations to Plaintiff stating that the "Refund Plus" policy is a safe and guaranteed investment.

29. DeFrancesco and Huff knew or should have known that these representations were false.

30. DeFrancesco and Huff made these representations to Plaintiff, to induce Plaintiff to invest a substantial sum of money in "Refund Plus."

31. Plaintiff, justifiably relying upon DeFrancesco and Huff's misrepresentations, invested $303,600.00 into "Refund Plus."

32. Plaintiff suffered damages in the amount of $303,600.00 in justifiable reliance on DeFrancesco and Huff's misrepresentations.

Wherefore, Plaintiff demands judgment for damages against DeFrancesco, FMG and Huff in the amount of $303,600.00, together with interest accrued thereon, and for such other relief that the Court deems just and proper.

## COUNT II – NEGLIGENT MISREPRESENTATION AGAINST DEFRANCESCO, FMG AND HUFF

33. Plaintiff readopts and realleges paragraphs 1-26 as if set forth in full herein and further states.

34. Huff and DeFrancesco, individually and as President of FMG, made representations of material fact to Plaintiff which they knew or should have known to be false.

35. Had Huff, DeFrancesco and FMG acted diligently and with reasonable care, they would have known the representations that they made in the Miami case with respect to "Refund Plus" were false; in that they would have known that "Refund Plus" was:

a) not an investment

b) not a guaranteed return of Plaintiff's investment

c) Not guaranteed that the insurance company would accept Plaintiff's renewal applications for five consecutive annual periods.

36. Defendants made these representations to Plaintiff, to induce Plaintiff to invest a substantial sum of money in "Refund Plus."

37. Plaintiff, justifiably relying upon Defrancesco and Huff's misrepresentations invested $303,600.00 into "Refund Plus."

38. Plaintiff suffered damages in the amount of $303,600.00 in justifiable reliance on Huff's representations.

Wherefore, Plaintiff demands judgment for damages against DeFrancesco, FMG and Huff in the amount of $303,600.00, together with interest accrued thereon, and for such other relief that the Court deems just and proper.

## COUNT III – LEGAL MALPRACTICE AGAINST HOILMAN AND FALLON

39. Plaintiff readopts and realleges paragraphs 1-26 as if set forth in full herein and further states.

40. After losing his $303,600.00 investment in "Refund Plus," Plaintiff, upon recommendation of Huff, sought legal advice from Hoilman and Fallon to recover his loss.

41. Based upon the representations of Hoilman and Fallon that they were experienced civil litigators, Plaintiff hired Hoilman and Fallon.

42. Hoilman and Fallon induced Plaintiff to sue Boston, it's principal May and it's lawyer, Kleinfeld to recover his investment sum.

43. Hoilman and Fallon failed to disclose to Plaintiff their conflict of interest, as they either represented Employers and it's principal, Huff in another matter, or they had a long term business and professional relationship with Huff that prevented them from filing suit against Huff and Employers.

44. Hoilman and Fallon failed to disclose to Plaintiff that Employers was a proper entity from whom to seek reimbursement (because it made the representation that Hoilman and Fallon wrongfully and falsely attributed to May and Kleinfeld), and which had an insurance policy to cover the loss.

45. As a result of Hoilman and Fallon's wrongful pursuit against Boston, May and Kleinfeld, Plaintiff spent $57,129.00 in attorney's fees to Hoilman and Fallon.

46. On behalf of Plaintiff, Hoilman and Fallon made false allegations against Boston, May and Kleinfeld. These allegations were dismissed, and as a result, May and Kleinfeld filed a counterclaim in the Miami case for abuse of process and malicious prosecution against Plaintiff and the other parties.

47. Upon learning that Hoilman and Fallon had conflicts of interests and that they were not experienced civil litigators, Plaintiff had to hire counsel independent of Hoilman and Fallon to discovered the truth, and as a result of Hoilman and Fallon's negligence, Plaintiff had to pay $30,000.00 to settle the abuse of process and malicious prosecution counterclaim brought by Kleinfeld and May in the Miami case.

48. Hoilman and Fallon acted negligently by failing to investigate and determine the accurate tact, failing to investigate the proper Defendants to sue to recover Plaintiff's losses, and by failing to advise Plaintiff of their inherent and irreconcilable conflict of interest.

49. As a direct and proximate result of Hoilman and Fallon's breach of duty to disclose their conflict of interest and the material fact that a proper party for Plaintiff to have sued should have been Employers, Plaintiff has been damaged.

50. Had Hoilman and Fallon disclosed their conflict of interest and that Employers should have been the proper defendant, Plaintiff would have never hired Hoilman and Fallon, or paid attorney's fees to them, nor would he have become the subject of the counter claim in the Miami case which he was forced to pay $30,000 to settle.

51. Had Hoilman and Fallon properly and timely sued Employers, Plaintiff would have recovered the $303,600.00 that Plaintiff lost in his "investment" in "Refund Plus."

Wherefore, Plaintiff demands judgment for damages against Hoilman and Fallon in the amount of $390,729.00, plus accrued interest calculated thereon, and for such other relief that the Court deems just and proper.

### COUNT IV – BREACH OF FIDUCIARY DUTY AGAINST HOILMAN AND FALLON

52. Plaintiff readopts and realleges paragraphs 1-26 as if set forth in full herein and further states.

53. Plaintiff shared a relationship with Hoilman and Fallon whereby Plaintiff reposed trust and confidence into Hoilman and Fallon as his attorneys.

54. Hoilman and Fallon undertook such trust and assumed a duty to advise, counsel and protect Plaintiff.

55. Hoilman and Fallon breached the fiduciary duty owed to Plaintiff by:

   a) failing to disclose and/or obtain a wavier of conflict of interest regarding their business and/or professional and personal relationship with Huff and Employers

   b) failing to sue Employers to recover Plaintiff's losses

c)  negligently litigating the case in the British Virgin Islands against Boston

d)  by failing to advise Plaintiff of all information regarding the status of the litigation in the British Virgin Islands

e)  by misrepresenting their credentials and qualifications

f)  by filing false claims in the Miami Case

g)  by failing to advise Plaintiff of all information relevant to the Miami Case, including offers of settlement made by Boston

h)  failing to advise Plaintiff that there was no hope of a recovery from the litigation against Boston in the British Virgin Islands

i)  charging excessive fees and engaging in unnecessary legal actions, which only benefited the lawyers and not the Plaintiff.

56. As a direct and proximate result of Hoilman and Fallon's breach of fiduciary duty Plaintiff has been damaged.

Wherefore, Plaintiff demands judgment for damages against Hoilman and Fallon in the amount of $390,729.00, plus interest and for such other relief as the Court deems just and proper.

>**ROTHSTEIN ROSENFELDT ADLER**
>Counsel for Plaintiff, Lawrence Anderson &
>Lawrence Anderson, M.D., P.A.
>100 S.E. 2nd Street, Suite 3300
>Miami, Florida 33131
>Telephone: (305) 381-7115
>Facsimile: (305) 381-7116
>
>By: _____
>RICHARD C. WOLFE
>FL Bar No. 0355607

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
LAWRENCE L. ANDERSON, M.D., PA. and LAWRENCE L. ANDERSON

(b) County of Residence of First Listed Plaintiff  Tyler, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard C. Wolfe, Esq.
Rothstein Rosenfeldt Adler
100 S.E. 2nd Street, Suite 3300
Miami, FL 33131

### DEFENDANTS
GEORGE HUFF, M&A COUNSELORS & ADVISORS, WILLIAM HOILMAN, KIERAN FALLON, ROCCY

County of Residence of First Listed Defendant  Brevard County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

FILED by _____ D.C.
FEB 26 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA - MIAMI

Attorneys (If Known)

(d) Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 09CV 20494 - Huck/O'Sullivan

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage |  | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **SOCIAL SECURITY** |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  | ☐ 890 Other Statutory Actions |
|  |  |  |  | ☐ 891 Agricultural Acts |
|  |  |  |  | ☐ 892 Economic Stabilization Act |
|  |  |  |  | ☐ 893 Environmental Matters |
|  |  |  |  | ☐ 894 Energy Allocation Act |
|  |  |  |  | ☐ 895 Freedom of Information Act |
|  |  |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  |  |  | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO       b) Related Cases ☐ YES ☒ NO
JUDGE _____         DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. § 1332(a) & 28 U.S.C. § 1391(a)(2)
Fraudulent inducement, negligent misrepresentation & malpractice
LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 390,729.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
s/Richard C. Wolfe
DATE 2/20/09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 995906 FP
02/24/09