UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 09-20494-Civ-Huck/O'Sullivan

LAWRENCE L. ANDERSON, M.D., P.A.,
and LAWRENCE L. ANDERSON
,

          Plaintiffs,

vs.

GEORGE HUFF, M&A COUNSELORS &
ADVISORS, WILLIAM HOILMAN, KIERNAN
FALLON, ROCCY DEFRANCESCO, JR. and
FINANCIAL MANAGEMENT GROUP, L.L.C.,

          Defendant.
_____/

### CERTAIN DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND TWO

The defendants, ROCCY DEFRANCESCO, JR. and FINANCIAL MANAGEMENT GROUP, L.L.C. ("FMG"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, move for dismissal of counts one and two from the complaint of the plaintiffs, LAWRENCE L. ANDERSON, M.D., P.A. ("Anderson, P.A.") and LAWRENCE L. ANDERSON ("Dr. Anderson"), and in support would show the Court as follows:

### The Material Allegations in the Complaint

The plaintiffs allege two claims against Mr. DeFrancesco and FMG. D.E. # 1. The first claim alleged in count one is labeled "fraudulent inducement," yet the scienter alleged in this count includes simple negligence. *Complaint*, ¶ 29. The second claim alleged in count two is "negligent misrepresentation," yet paragraph 33 in this count incorporates allegation 14, which paragraph asserts the defendants "made . . .

misrepresentations <u>intentionally</u> or negligently . . . ." (Emphasis added).

There are no other claims for relief alleged against either Mr. De Francesco or FMG.

In the opening paragraph of the complaint, the plaintiffs collectively define the term "Anderson" to mean Dr. Anderson and Anderson, P.A. Not once in the complaint, however, do the plaintiffs actually ever use this defined term. Instead, the term "plaintiff" is sprinkled throughout the pleading. As a result, it is unclear which plaintiff actually relied upon the alleged misrepresentations to supposedly suffer financial losses.

The only time reference in the complaint is the allegation that a "Plaintiff" met Messrs. Huff and DeFrancesco "on or about the beginning of 2001." Otherwise, the complaint is devoid of any dates.

The misrepresentations alleged in counts one and two are vague and uncertain. First, the separate defendants, Mr. Huff and Mr. DeFrancesco, are grouped together, and no specific statement is attributed to either one of them. Second, there is no indication of the method by which either defendant made statements to a "plaintiff," whoever that may be. Thus, neither defendant knows if the alleged misrepresentations were made over the telephone, in face-to-face meetings, or by means of writings furnished to Dr. Anderson or to the public at large.

Other than the snippet contained in paragraph 28, there is not a single allegation in the complaint to explain why FMG is liable.

## Argument and Authorities

While the allegations in the complaint must be viewed in a light most favorable to the plaintiffs, the factual information that is pleaded must make each element of the alleged

2

claims "plausible," and the right to relief must rise "above a [mere] speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007), *followed in Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007). The Court is entitled to ignore the "labels" in the pleading. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996). While lip-service is paid by the plaintiffs to the elements of claims pleaded, the merely formulaic recital of elements is not sufficient under 12(b)(6). *See Bell Atlantic*; *Watts*.

*Fed. R. Civ. P. 9(b):* There is a heightened pleading requirement for fraud claims, the circumstances of which must be pled "with particularity." Fed. R. Civ. P. 9(b). As this Court has previously stated, the minimum requirements for pleading a fraud claim are as follows:

> In this Circuit, Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case omissions, not making) same (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what defendants obtained as a consequence of the fraud."

*Scaturo v. Seminole Cas. Ins. Co.*, 542 F. Supp. 2d 1290, 1298 (S.D. Fla. 2008) (Huck, J.) (granting motion to dismiss fraud claim) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)). *Accord Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380 (11th Cir. 1997) (*dicta*), *followed in Rhodes v. Omega Research, Inc.*, 38 F. Supp. 2d 1353, 1359 (S.D. Fla. 1999) (granting motion to dismiss).

In addition, it is improper to lump defendants together when pleading a fraud claim; instead, the pleader must take care to meet the requirements under 9(b) with respect to each defendant rather than making generalized allegations about defendants. *Ambrosia Coal &*

3

*Constr. Co. v. Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (citing *Brooks*, 116 F.3d at 1381), *followed in Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1363 (M.D. Fla. 2007) (Fawcett, C.J.).  In other words, each defendant must receive notice of how the defendant participated in the alleged fraud.  *Id.*

Applying the requirements of 9(b) to the current pleading leaves no doubt that a re-pleader is needed.  While it may not be necessary to quote misrepresentations exactly, the plaintiffs have made virtually no effort to identify "the precise statements" that were false and "the documents and oral representations" that contained the statements.  *Complaint*, ¶¶ 11, 28, 35.  Further, there is no suggestion in the complaint of "the time and place of each such statement," or if anyone made any statements on behalf of FMG other than its president, Mr. DeFrancesco.  *Id.*  Further, there is no explanation of how much money was received by each defendant named in counts one and two.  I*d.*, ¶¶ 16, 31.  Likewise, due to the ambiguous reference throughout the complaint to an unnamed "plaintiff," it is unclear if both plaintiffs or if one plaintiff sustained financial losses.  While the complaint seems to suggest that Dr. Anderson is the one who invested money into the "Refund Plus," the pleading is too ambiguous to permit this conclusion.  *Id.*  Finally, counts one and two are obfuscated by allegations about the defendants as a group.  Because all of the defendants are improperly lumped into one group, *see Brooks-Ambrosia-Bray*, Mr. DeFrancesco and FMG cannot ascertain their alleged participation in the fraud.  No effort was made by the plaintiffs to identify which defendant made what misrepresentation, or which defendant received what sum of money.   In short, the plaintiffs should be reordered to re-plead their alleged claims in a manner that satisfies the requirements of Rule 9(b).

***Fraudulent Inducement versus Negligent Misrepresentation:*** While an inartful

BENNETT AIELLO COHEN & FRIED • 25 Southeast Second Avenue, Suite 808 • Miami, Florida 33131 • (305) 358-9011

pleading may not be a sufficient basis for a motion to dismiss, given repleader is necessary to comply with Rule 9(b), it would be fair and appropriate to order the plaintiffs to eliminate the confusion caused by their mixing up the scienter elements of two different torts.

The elements for the fraudulent inducement claim are "(1) a misrepresentation of a material fact; (2) <u>knowledge</u> by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation would induce another to rely and act on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation." *Tomasini v. Mount Sinai Ctr. Of Fla., Inc.*, 315 F. Supp. 2d 1252, 1259 (S.D. Fla. 2004) (Altonaga , J.) (emphasis added) (quoting *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So. 2d 204, 209 (Fla. 3d DCA 2003)).

In the case of a negligent misrepresentation claim, the elements are the same with the exception of the second element. Instead of knowledge of falsity, the plaintiff must allege negligence in that the defendant "should have known" the representation was false. *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 653 (Fla. 3d DCA 2006), *followed in Beale v. Biomet*, 492 F. Supp. 2d 1360, 1374 (S.D. Fla. 2007) (Gold, J.) *and Gentry v. Harborage Cottages-Stuart, LLP*, ___ F. Supp. 2d ___, ___, 2009 WL 689714, *16 (S.D. Fla. Feb. 13, 2009) (Moore, J.); *see Indulgence Yacht Charters, Ltd. v. Ardell Inc.*, 2008 WL 4346749, *6 (S.D. Fla. Sept. 16, 2008) (Altonaga, J.) (citing Standard Jury Instructions—Civil Cases (No. 99-2), 777 So. 2d 378, 381 (Fla. 2000) (second element is "whether . . . (defendant) was negligent in making the statement because [he][she][it] should have known the statement was false")); *see also Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334, 337 (Fla. 1997) (distinguishing between negligent and fraudulent misrepresenters).

Whereas fraud in the inducement requires knowledge of falsity, the scienter pleaded

5

in count one would also encompass a claim for negligent misrepresentation. *Complaint*, ¶ 29. Conversely, the scienter in count two would include the scienter needed to state a claim for fraud in the inducement. *Id.*, ¶ 33. In other words, the plaintiffs have mixed up the second element for these two distinct torts. Assuming a new pleading is required, the defendants ask that this uncertainty in the pleading be clarified so that each count of the complaint can be independently analyzed for purpose of Rule 11, abuse of process and malicious prosecution claims, and settlement offers pursuant to section 768.79 of the Florida Statutes.

## Conclusion

Mr. DeFrancesco has been "thrown into the mix" without sufficient explanation of what statements he made or when and how he made them or which plaintiff relied upon them to suffer what amount of financial loss. Likewise, the plaintiffs have not shown how Mr. DeFrancesco or FMG benefited from the alleged misrepresentations, or how each plaintiff sustained financial losses through the "Refund Plus" program. Further, the defendants named in counts one and two are "lumped together," making it impossible for Mr. DeFrancesco and FMG to know how each one participated in the alleged misconduct. Further, the fraudulent inducement and negligent misrepresentation claims have been jumbled together in the pleading by the improper pleading of the scienter element.

WHEREFORE, the defendants, ROCCY DEFRANCESCO, JR. and FINANCIAL MANAGEMENT GROUP, L.L.C., request that counts one and two in the complaint be dismissed without prejudice to the right of the plaintiffs to attempt to amend their pleading to state a valid claim for relief. Further, the defendants expressly reserve the

Case No. 09-20494-Civ-Huck/O'Sullivan

right to seek attorney fees to the extent they are dismissed from this action.

> Respectfully submitted,
>
> Attorneys for Roccy M. DeFrancesco, Jr. and Financial Management Group, L.L.C.
>
> BENNETT AIELLO COHEN & FRIED
> The Ingraham Building, Suite 808
> 25 Southeast Second Avenue
> Miami, Florida  33131-1603
> Phone: (305) 358-9011
> Facsimile: (305) 358-9012
> Email: paiello@bennettaiello.com
>
> By:___/s Paul Aiello, FBN 909033

**Certificate of Service**

I hereby certify that on the 31 day of March, 2009, a true and correct copy of the foregoing document was served electronically on all attorneys of record.

> By:___/s Paul Aiello, FBN 909033