UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-20494-CIV-HUCK

LAWRENCE L. ANDERSON,
M.D., P.A. and LAWRENCE
L. ANDERSON

     Plaintiff,
v.

GEORGE HUFF, M & A
COUNSELORS & ADVISORS,
WILLIAM HOILMAN, KIERAN
FALLON, ROCCY
DEFRANCESCO, JR. and
FINANCIAL MANAGEMENT
GROUP, L.L.C.,

     Defendants.
_____/

PLAINTIFFS' RESPONSE OPPOSING DEFENDANT DEFRANCESCO AND FMG'S
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Lawrence L. Anderson and Lawrence L. Anderson, M.D., P.A., oppose the Motion to Dismiss filed by Defendants Roccy Defrancesco, Jr. ("Defrancesco") and Financial Management Group, LLC, ("FMG") and request that based on the matters contained in this memorandum that the motion be denied.

LEGAL STANDARD IN CONSIDERING A MOTION TO DISMISS

On a motion to dismiss, the court accepts a complaint's well-pleaded allegations as true. Hoffend v. Villa (In re Villa), 261 F.3d 1148, 1150 (11th Cir. 2001). The court must also view the allegations in the complaint in the light most favorable to the plaintiff. Watts v. Fla. Int'l Univ., et al., 495 F.3d 1289, 1295 (11th Cir. 2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). The liberal rules as to the

sufficiency of a complaint make it a rare case in which a motion on this ground should be granted. St. Joseph's Hospital, Inc. v. Hospital Corporation of America, 795 F.2d 948, 949 (11th Cir. 1986). To dismiss, it must appear to a certainty, that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986); Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984); See also Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development, 711 F.2d 989, 995 (11th Cir. 1983) (for purposes of notice pleading the complaint need only give the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests).

## PLAINTIFFS' SPECIFIC LEGAL CLAIMS AGAINST DEFRANCESCO AND FMG

Plaintiffs have alleged claims against these Defendants for Fraudulent Inducement (Count I) and Negligent Misrepresentation (Count II). Both claims have been adequately pled and any further details Defendants desire can and should be obtained in the discovery process.

To state a claim for Negligent Misrepresentation a plaintiff must allege that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation. Coral Gables Distrib. v. Milich, 992 So. 2d 302, 303 (Fla. 3rd DCA 2008).

To state a claim for fraud in the inducement, a plaintiff must allege (1) a misrepresentation of a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation would induce another to rely and act on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation. Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So. 2d 204, 209 (Fla. 3rd DCA 2003).

## FACTS ALLEGED IN COMPLAINT

Plaintiffs sued Defendants Defrancesco and FMG and alleged Defendant DeFrancesco, who is in the business of financial management, met with Plaintiff to introduce to Plaintiff an insurance program, DeFrancesco described as a "tax deferral strategy" (Complaint, par. 10). DeFrancesco induced Plaintiff by making oral and writing statement to invest $303,600.00 into an insurance policy scheme called "Refund Plus" representing to Plaintiff that it was a safe and a guaranteed investment, that would enable Anderson to deduct the investment in the year made and defer taxes on the earnings of the investment (Complaint, par. 11). As a result of this misrepresentation, Plaintiff invested $303,600.00 into a company called Employers International Inc. (Complaint, par. 12). The oral and written representations of DeFrancesco were false, in that "Refund Plus" was not an investment, but rather a life insurance policy, and there was no guaranteed return. Rather, there was only the possibility of a refund, if Anderson paid premiums for five consecutive years; and there was no guarantee that the insurance company would accept the annual applications (Complaint, par. 13). Defendant DeFrancesco made these misrepresentations either intentionally *or* negligently to induce Plaintiff to invest in "Refund Plus" (Complaint, par. 14). Plaintiff acted reasonably by relying upon the representations of DeFrancesco (Complaint, par. 15) and Plaintiff, relying upon these false representations, invested in the "Refund Plus" program, and as a result lost all the $303,600.00 that he invested because it was not a guaranteed investment, as represented by DeFrancesco (Complaint, par. 16).

## CONCLUSION

Plaintiffs have pled facts supporting each element of both claims for Fraudulent Inducement and Negligent Misrepresentation. Therefore, Defendant's Motion to Dismiss should be denied.

## CERTIFICATE OF SERVICE

We hereby certify that on April 7, 2009, We electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on Paul Aiello, Esquire, Bennett Aiello Cohen & Fried, 25 SE 2nd Ave., Suite 808, Miami, Florida 33131, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: Mark Goldstein
Fla. Bar No: 882186
Richard Wolfe
Fla. Bar No: 355607
Counsel for Plaintiffs
Email: mgoldstein@rra-law.com
Email: rwolfe@rra-law.com
Rothstein Rosenfeldt Adler
100 S.E. Second Street, Suite 3300
Miami, Florida 33131
Tel: 305-381-7115 /   Fax: 305-381-7116