UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-20494-CIV-HUCK

LAWRENCE L.
ANDERSON, M.D., P.A.

  Plaintiff,
v.

GEORGE HUFF, and ROCCY M.
DEFRANCESCO, JR.,

  Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, Lawrence L. Anderson, M.D., P.A. ("Anderson") sues Defendants, George Huff and Roccy DeFrancesco, Jr. ("DeFrancesco") and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### IDENTIFICATION OF PARTIES

4. Plaintiff, Lawrence L. Anderson, M.D., P.A., is a Texas Professional Association which is owned managed and acts through its principal Lawrence L. Anderson, M.D.

5. Defendant Huff is a Florida resident.

6. Defendant DeFrancesco is a resident of Michigan who is also a practicing attorney specializing in estate planning and asset protection planning for high net worth individuals.

## COMMON ALLEGATIONS

7. Defendants DeFrancesco and Huff, who are both in the business of financial management, met with Lawrence L. Anderson, M.D., to introduce him to an insurance program, which DeFrancesco and Huff described as a "tax deferral strategy."

8. DeFrancesco and Huff induced Plaintiff to invest $303,600.00 into an insurance policy scheme called "Refund Plus." They represented to Lawrence Anderson, M.D., that it was a safe and guaranteed investment that would enable Plaintiff to deduct the investment in the year made and defer taxes on the earnings of the investment.

9. Plaintiff Lawrence L. Anderson, M.D., P.A., invested this amount into a company called Employers International Inc. ("Employers"), an investment company owned and controlled by Huff.

10. The representations of DeFrancesco and Huff were false, in that "Refund Plus" was not an investment, but rather a life insurance policy, and there was no guaranteed return. Rather, there was only the possibility of a refund, if Plaintiff paid premiums for five consecutive years; and there was no guarantee that the insurance company would accept the annual applications.

11. Defendants DeFrancesco and Huff, made these misrepresentations to induce Plaintiff to invest in "Refund Plus."

12. Plaintiff acted reasonably by relying upon the representations of DeFrancesco and Huff.

13. Plaintiff, relying upon these false representations, invested in the "Refund Plus" program, and as a result lost all the $303,600.00 that Plaintiff invested because it was not a guaranteed investment, as represented by DeFrancesco and Huff.

14. After being first notified on or about December 15, 2005 that Plaintiff lost its investment because the "Refund Plus" program was being terminated, Plaintiff turned to Huff for assistance on how to recover its investment.

15. Huff referred Plaintiff to lawyers whom he knew or should have known were likely to commit malpractice as they had an irreconcilable conflict of interest which precluded them from suing Huff and other parties who caused Plaintiff's loses.

16. Instead of suing the Defendants to this action, the attorneys to whom Huff referred the Plaintiff sued two individuals who were not responsible for Plaintiff's losses and those individuals filed a Counterclaim against the Plaintiff. Plaintiff paid attorneys fees of over $57,000 and ultimately had to pay another $30,000 to settle the Counterclaim filed against it.

17. All conditions precedent to the maintenance of this action have occurred, been performed or been waived.

## COUNT I - FRAUDULENT INDUCEMENT AGAINST DEFRANCESCO AND HUFF

18. Plaintiff readopts by reference the allegations of above paragraphs 1-17 as if set forth in full herein.

19. Huff and DeFrancesco represented to Plaintiff that the "Refund Plus" policy was a safe and guaranteed investment.

20. DeFrancesco and Huff knew or should have known that these representations were false.

21. DeFrancesco and Huff made these representations to Plaintiff, to induce Plaintiff to invest a substantial sum of money in "Refund Plus."

22. Plaintiff, justifiably relying upon DeFrancesco and Huff's misrepresentations, invested $303,600.00 into "Refund Plus."

23. Plaintiff suffered damages in the amount of $303,600.00 in justifiable reliance on DeFrancesco and Huff's misrepresentations.

3

Wherefore, Plaintiff demands judgment for damages against DeFrancesco and Huff in the amount of $303,600.00, together with interest accrued thereon, and for such other relief that the Court deems just and proper.

## COUNT II – NEGLIGENT MISREPRESENTATION AGAINST DEFRANCESCO AND HUFF

24. Plaintiff readopts by reference the allegations of above paragraphs 1-17 as if set forth in full herein.

25. Huff and DeFrancesco made representations of material fact to Plaintiff which they knew or should have known to be false.

26. Had Huff and DeFrancesco acted diligently and with reasonable care, they would have known the representations that they made regarding the "Refund Plus" were false as the "Refund Plus" was:

   a) not an investment

   b) not a guaranteed return of Plaintiff's investment

   c) Not guaranteed that the insurance company would accept Plaintiff's renewal applications for five consecutive annual periods.

27. Defendants made these representations to Plaintiff, to induce Plaintiff to invest a substantial sum of money into the "Refund Plus."

28. Plaintiff, justifiably relying upon Defrancesco and Huff's misrepresentations invested $303,600.00 into "Refund Plus."

29. Plaintiff suffered damages in the amount of $303,600.00 in justifiable reliance on Huff's representations.

Wherefore, Plaintiff demands judgment for damages against DeFrancesco and Huff in the amount of $303,600.00, together with interest accrued thereon, and for such other relief that the Court deems just and proper.

## COUNT III – NEGLIGENT REFERRAL AGAINST HUFF

30. Plaintiff readopts by reference the allegations of above paragraphs 1-17 as if set forth in full herein.

31. Plaintiff trusted Defendant Huff and upon being notified in December of 2005 that he had lost his investment because the insurer decided not to renew his policy, Plaintiff inquired of Huff of how to best attempt to recoup the $303,600.00.

32. Huff then assumed the duty of making a recommendation of counsel to the Plaintiff and upon assuming such duty was obligated to act in a reasonable manner and make a non-negligent referral.

33. Huff knew or should have known that the lawyers to whom he referred the Plaintiff would not feel comfortable in suing him or other potentially liable individuals because of Huff and/or other potential Defendants' prior relationship with those attorneys.

34. Plaintiff followed Huff's recommendation and hired the lawyers recommended by Huff.

35. Instead of suing the Defendants to this action, the attorneys to whom Huff referred the Plaintiff mishandled the matter by suing two individuals who were not responsible for Plaintiff's losses. In turn, those individuals filed a Counterclaim against the Plaintiff.

36. In addition to Plaintiff losing his $303,600.00, Plaintiff paid attorneys fees of over $57,000 and ultimately had to pay another $30,000 to settle the Counterclaim filed against it.

Wherefore, Plaintiff demands judgment for damages against Defendants DeFrancesco and Huff.

## CERTIFICATE OF SERVICE

We hereby certify that on May 27, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on Paul Aiello, Esquire, Bennett Aiello Cohen & Fried, 25 SE 2nd Ave., Suite 808,

Miami, Florida 33131, and Kieran Fallon, Esq., 436 S.W. 8th Street, Suite 200, Miami, Florida 33130, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                By: Mark Goldstein
                                Fla. Bar No: 882186
                                Richard Wolfe
                                Fla. Bar No: 355607
                                Counsel for Plaintiffs
                                Email: mgoldstein@rra-law.com
                                Email: rwolfe@rra-law.com
                                Rothstein Rosenfeldt Adler
                                100 S.E. Second Street, Suite 3300
                                Miami, Florida  33131
                                Tel: 305-381-7115 /   Fax: 305-381-7116