UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 09-20494-Civ-Huck/O'Sullivan

LAWRENCE L. ANDERSON, M.D., P.A.,
and LAWRENCE L. ANDERSON
,

        Plaintiffs,

vs.

GEORGE HUFF, and ROCCY
DEFRANCESCO, JR.,

        Defendant.
_____/

## **DEFENDANT DEFRANCESCO'S MOTION TO DISMISS WITH PREJUDICE**

The defendant, ROCCY DEFRANCESCO, JR., pursuant to Rule 12 of the Federal Rules of Civil Procedure and through undersigned counsel, hereby requests that he be dismissed with prejudice from this action by the plaintiff, LAWRENCE L. ANDERSON, M.D., P.A. (Anderson P.A.), and in support would show the Court as follows:

### **Background**

On February 26, 2009, Dr. Lawrence L. Anderson and his affiliate, Anderson P.A., commenced this action against six defendants, including, without limitation, Mr. DeFrancesco, Mr. DeFrancesco's alleged affiliate, Financial Management Group, LLC, George Huff, and Mr. Huff's alleged affiliate, M&A Counselors & Advisors. In the original complaint, the plaintiffs asserted claims against Mr. Huff and Mr. DeFrancesco for damages based upon alleged misrepresentations. D.E. #1. Even though there is no affiliation between Messrs. Huff and DeFrancesco, the plaintiffs engaged in "group pleading," failing to identify the specific acts

taken by each defendant.  Further, the plaintiffs failed to identify if representations were made orally or in writing, or even when the representations were made.[1]

Mr. DeFrancesco and FMG filed a motion to dismiss the complaint based upon, *inter alia*, Rule 9 of the Federal Rules of Civil Procedure.  D.E. # 3.  On May 5, 2009, the Court dismissed the original complaint with leave to amend so that the pleading was brought into conformity with subdivision (b) of Rule 9 of the Federal Rules of Civil Procedure, D.E. #13, ¶ 2, and further ordered that the plaintiffs "shall state the operative dates for the events in question . . . ."  *Id.*, ¶ 3.  At a hearing on May 5, 2009, the plaintiffs were ordered also to provide details about the legal malpractice claims asserted in the original complaint, which claims appeared to be barred by the applicable statute of limitations.

## The Amended Complaint

Anderson, P.A. has filed an amended complaint against Mr. Huff and DeFrancesco.  While certain pleading deficiencies in the originally complaint were addressed by a "jettison" of various claims and parties, no attempt has been made to comply with Rule 9(b).  Indeed, insofar as the alleged misrepresentation claims, Anderson P.A. has made matters worse.

Whereas the original complaint alleged the parties were introduced to each other in 2001, D.E. # 1, ¶ 10, the amended complaint no longer contains any suggestion at all of when the alleged misrepresentations were made, an omission that directly contravenes this Court's order that Anderson, P.A. "shall state the operative dates for the events in question." D.E. #13, ¶ 3.  Presumably, Anderson, P.A. violated Rule 9(b) in its original complaint because it wanted to downplay the staleness of its claim.  The continued violation of Rule 9(b) now constitutes

---

[1] In the original complaint, the plaintiffs also alleged legal malpractice claims against attorneys who prosecuted claims relating to the investment.

2

disregard of a court order.  Absent a plausible explanation, Mr. DeFrancesco should be dismissed with prejudice from this case.

Whereas the original complaint identified Dr. Anderson himself as the representative of Anderson, P.A. to whom false statements were allegedly made, the amended complaint no longer identifies any individual representative of Anderson, P.A.  Mr. DeFrancesco is entitled to know whom he supposedly defrauded.

Further, Anderson, P.A. has failed to correct any of the deficiencies in counts one and two that led to the first motion to dismiss.  Once again, throughout much of the amended pleading, Anderson, P.A. continues to group together Mr. Huff and Mr. DeFrancesco. *Amended Complaint*, ¶¶ 19- 23, 25-28.  No affiliation between these two defendants is suggested anywhere in the pleading. *Id.*, ¶ 12.  Indeed, one defendant is alleged to be a resident of Florida, while the other is alleged to be a resident of Michigan. *Id.*, ¶¶ 5-6.  The one allegation in which group pleading is not attempted is paragraph 29.  The allegation in this paragraph, however, suggests that the damages of Anderson, P.A. were incurred in justifiable reliance upon the representations of Mr. Huff alone. *Id.*, ¶29.

There still remains no clear indication of the method or means by which either defendant allegedly made statements to Anderson, P.A.   Thus, Mr. DeFrancesco does not know if Anderson, P.A. is contending misrepresentations were made by the spoken or written word.

Mr. DeFrancesco should be dismissed with prejudice based upon these pervasive violations of Rule 9(b) in violation of this Court's order.

Finally, the plaintiffs allege one new claim in count three of the *Amended Complaint* for "negligent referral." However, other than the prayer for relief at the end of count three, Mr.

DeFrancesco is not mentioned once within the body of the count. Thus, it is unclear why Mr. DeFrancesco is named in the prayer for relief.

## Argument and Authorities

The rules and precedents cited in the original motion to dismiss remain applicable. *See* D.E. # 3, pp. 2-4. Anderson, P.A. has defied the heightened pleading standard in Rule 9(b) for fraud claims. Anderson, P.A. has ignored the case law that precludes lumping together unaffiliated defendants by means of a group pleading of a fraud claim. Anderson, P.A. has not provided the identity of the representative of that entity to whom misrepresentations were allegedly made. Anderson, P.A. has ignored case law that requires a litigant to identify the exact means by which misrepresentations were communicated. Finally, in direct disregard of a court order, Anderson, P.A. has failed to give Mr. DeFrancesco any information about the "operative dates" for the events in question.

The law is clear. Mr. DeFrancesco should be dismissed with prejudice given the failure of Anderson, P.A. to bring its pleading into conformity with Rule 9(b). This Court took the time, both at a hearing and then by written order, to specify what Anderson, P.A. must do to keep this case pending. Rather than cure all defects and address all issues, Anderson, P.A. has filed a pleading that only makes matters worse. Anderson, P.A. is not a *pro se* litigant in need of multiple chances. Anderson, P.A. has retained counsel at a law firm of more than sixty attorneys. *See* Rothstein Rosenfeldt Adler, Lawyers by Name and Practice, available at http://rra-law.com/lawyersname.asp. While litigants may be entitled to one opportunity to amend, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), those who squander their opportunity to state a valid claim are subject to dismissal with prejudice. *Cox v. McCraley*, 993 F. Supp. 1452, 1458 (M.D. Fla. 1998) (dismissing complaint with prejudice) (Sharp, J.).

Case No. 09-20494-Civ-Huck/O'Sullivan

## Conclusion

Mr. DeFrancesco requests that the Court dismiss this action against him with prejudice. If Anderson, P.A. is given any more chances to state a valid claim, Mr. DeFrancesco requests that the Court order Anderson, P.A., pursuant to Rule 11, to reimburse him the attorney's fees he has incurred to make the same motion a second time.

WHEREFORE, the defendant, ROCCY DEFRANCESCO, JR., requests that the Court dismiss the amended complaint with prejudice, at least against Mr. DeFrancesco, and permit him to go hence without day and with costs.  Alternatively, if the Court grants leave to the plaintiff, LAWRENCE L. ANDERSON, M.D., P.A., to amend its complaint again, then the defendant asks the Court to enter an order that requires the plaintiff to pay the attorneys' fees incurred by the defendant to file this second motion to dismiss.

Respectfully submitted,

Attorneys for Roccy DeFrancesco, Jr.

BENNETT AIELLO COHEN & FRIED
The Ingraham Building, Suite 808
25 Southeast Second Avenue
Miami, Florida  33131-1603
Phone: (305) 358-9011
Facsimile: (305) 358-9012
Email: paiello@bennettaiello.com

By:     /s Paul Aiello
        Florida Bar Number 909033

Case No. 09-20494-Civ-Huck/O'Sullivan

## Certificate of Service

I hereby certify that on the 22nd day of June, 2009, a true and correct copy of the foregoing document was served electronically on all attorneys of record.

By: /s Paul Aiello

**BENNETT AIELLO COHEN & FRIED** • 25 Southeast Second Avenue, Suite 808 • Miami, Florida 33131 • (305) 358-9011